# In the United States Court of Federal Claims

No. 11-71

Filed: December 2, 2011

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

JAMES M. LEWIS,

    Plaintiff, *pro se*,

v.

THE UNITED STATES,

    Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**FILED**

DEC - 2 2011

U.S. COURT OF
FEDERAL CLAIMS

**James M. Lewis**, Plaintiff, *pro se*.

**Katy Marie Bartelma**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for Defendant.

**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFF'S MOTION TO RECONSIDER.**

**BRADEN,** *Judge.*

On August 1, 2011, the court issued a Memorandum Opinion And Final Order resolving the Government's April 22, 2011 Motion To Dismiss *pro se* Plaintiff's April 18, 2011 First Amended Complaint. *See Lewis v. United States*, 99 Fed. Cl. 772 (2011). The relevant facts and procedural history of this case are laid out in that opinion.

On August 26, 2011 Plaintiff filed a Motion For Reconsideration ("Pl. Mot."). In the alternative, Plaintiff asks the court to transfer his case to the United States District Court for the District of Columbia. Both requests are denied for the reasons that follow.

**I. PLAINTIFF'S AUGUST 26, 2011 MOTION TO RECONSIDER IS DENIED.**

Plaintiff's August 26, 2011 Motion To Reconsider asserts that the court improperly relied on *Joshua v. United States*, 17 F.3d 378 (Fed. Cir. 1994), in dismissing his April 18, 2011 First Amended Complaint. Pl. Mot. at 2-3. Plaintiff contends that his case is "distinctively different" from *Joshua*, which held claims under the federal criminal code to be beyond the court's jurisdiction. Plaintiff argues that this case is different, because he seeks review of a *civil* judgment by the United States District Court for the District of Columbia, rather than a criminal judgment. Pl. Mot. at 2-3.

Plaintiff's contention is incorrect. In *Joshua*, the United States Court of Appeals for the Federal Circuit broadly held that "the Court of Federal Claims *does not have jurisdiction to review the decisions of district courts* . . . relating to proceedings before those courts." 17 F.3d at 380 (emphasis added). There is no indication that the *Joshua* Court based its holding on the criminal nature of that case. *Id.* Therefore, this court does not have jurisdiction to review the findings of the United States District Court for the District of Columbia in *any* matter, criminal or civil. *See Lewis*, 99 Fed. Cl. at 779-80.

## II. PLAINTIFF'S AUGUST 26, 2011 MOTION TO TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA IS DENIED.

In the alternative, Plaintiff's August 26, 2011 Motion asks the court to transfer this matter to the United States District Court for the District Of Columbia. On September 15, 2011, the Government filed an Opposition To Plaintiff's Motion To Transfer ("Gov't Resp."). On September 22, 2011, the Plaintiff filed a Reply To The Government's Opposition To Plaintiff's Motion To Transfer ("Pl. Reply").

### A.  Plaintiff's Argument.

Plaintiff argues that, because "this court does not have jurisdiction to adjudicate Plaintiff's [Administrative Procedure Act ("APA")] . . . claims," and "the United States District Court for the District of Columbia does [have jurisdiction to adjudicate Plaintiff's APA claims]," transfer is appropriate under 28 U.S.C. § 1631. Pl. Mot. at 3-5. Furthermore, Plaintiff contends that "it would be in the interest of justice to transfer [this] case to the United States District Court for the District of Columbia to avoid the time limitation imposed under [the FEDERAL RULES OF CIVIL PROCEDURE ("FRCP"), Rule] 60(c)."[1] Pl. Mot. at 4.

### B.  The Government's September 15, 2011 Response.

The Government responds that transfer under 28 U.S.C. § 1631 is only permissible if: "(1) the transferor court lacks subject matter jurisdiction; (2) at the time the case was filed, it could have been brought in the transferee court; and (3) such transfer is in the interest of justice." Gov't Resp. at 2 (*quoting Skillo v. United States*, 68 Fed. Cl. 734, 744 (2005)).

The United States Court of Federal Claims does not have jurisdiction over the Plaintiff's April 18, 2011 First Amended Complaint, and therefore, the first condition is met. Gov't Resp. at 2 (*citing Lewis*, 99 Fed. Cl. at 779-80).

The second element of the 28 U.S.C. § 1631 test also is not satisfied. Although Section 702 of the APA affords individuals access to federal district courts to challenge agency actions, Section 704 limits section 702 to claims "for which there is no other adequate remedy in court." Gov't Resp. at 3 (*citing Mitchell v. United States*, 930 F.2d 893, 895 (Fed. Cir. 1991) (*citing* 5 U.S.C. § 704)). The Government concedes that *this* court "could have provided an adequate

---

[1] FRCP 60(c) provides that most Rule 60 Motions must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding."

remedy for [Plaintiff's] request for back pay, as well as his ancillary requests for relief," if Plaintiff timely filed his complaint. Gov't Resp. at 4 (*citing Martinez v. United States*, 333 F.3d 1295, 1300 (Fed. Cir. 2003) (declining to transfer a military discharge case because the United States Court of Federal Claims could have provided relief for all of the plaintiff's monetary claims and claims for ancillary relief if timely filed)). That did not happen here.

As to the third element, the court need only determine whether transfer is in the interests of justice if the first two elements of the transfer test are met. Gov't Resp. at 4.

### C. Plaintiff's September 22, 2011 Reply.

The Plaintiff replies that transfer is required to resolve issues of *res judicata* and collateral estoppel raised by this case. The court's determination that Plaintiff's original April 18, 2011 Complaint was barred by *res judicata* was "inaccurate since the District Court [for the District of Columbia] ruled that [it lacked jurisdiction, as] the statute of limitations had run out on the Plaintiff's claims challenging his discharge." Pl. Reply at 1. Dismissal based on a jurisdictional statute of limitations, however, does not constitute a judgment on the merits and therefore does not trigger *res judicata*. Pl. Reply at 1 (*citing Young v. United States*, 92 Fed. Cl. 425, 431-32 (2010)).

In addition, the Plaintiff appears to argue that if *res judicata* were to apply, it should apply in Plaintiff's favor. Specifically, the October 10, 1972 Court of Military Appeals' decision dismissing the charges against Plaintiff should have been given *res judicata* effect by the United States District Court for the District of Columbia. Pl. Reply at 2-6. Thus, transfer is necessary for Plaintiff to reopen the June 29, 1990 judgment by the United States Court for the District of Columbia dismissing his case. Pl. Reply at 6.

### D. The Court's Resolution.

The United States Court of Federal Claims has jurisdiction to transfer, "if it is in the interests of justice."[2] 28 U.S.C. § 1631. In this case, the court has determined that the "interests of justice" do not require transfer. Plaintiff effectively is seeking to transfer his case to the United States District Court for the District Court of Columbia to relitigate that court's June 29,

---

[2] Section 1631 of Title 28 of the United States Code states that,

> [w]henever a civil action is filed in [this court] . . . and [this] court finds that there is a want of jurisdiction, the court shall, *if it is in the interest of justice*, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631 (2006).

3

1990 decision dismissing his case on the merits. *See Lewis v. Sec'y of Navy*, Civ. No. 89-1446, 1990 WL 454624 (D.D.C. June 29, 1990).[3]

The doctrine of *res judicata*, however, precludes Plaintiff from relitigating his case in the United States District Court for the District of Columbia or any other federal court. *See Lewis*, 99 Fed. Cl. at 781-82. It is not in the "interests of justice" to transfer a case that is barred by *res judicata* from court to court. *See Montagne v. United States*, 90 Fed. Cl. 41, 49 (2009) (holding transfer is not in the interests of justice when *res judicata* applies). If Plaintiff wishes to reopen his case in the United States District Court for the District of Columbia then the appropriate method for him to do so is to file a motion under FRCP 60—if Plaintiff waited too long to do so, that is not an error for this court to remedy.[4] Accordingly, Plaintiff's request to transfer is denied.

### III. CONCLUSION.

For the reasons stated herein, Plaintiff's August 26, 2011 Motion For Reconsideration, Or Alternative Request To Transfer is denied.

**IT IS SO ORDERED.**

**SUSAN G. BRADEN**
Judge

---

[3] The United States District Court for the District of Columbia determined that Mr. Lewis had "'failed to carry his burden of establishing that the decision of the BCNR was arbitrary, capricious, or contrary to law.'" *See Lewis*, 99 Fed. Cl. 772 at 775 (*quoting Lewis v. Sec'y of Navy*, 1990 WL 454624 at *9)).

[4] In any event, Plaintiff's case in the United States District Court for the District of Columbia was resolved in 1990, *i.e.*, well over the one-year filing requirement in FRCP 60(c). Thus, transfer would not solve Plaintiff's dilemma. Furthermore, the court notes that Plaintiff appears to have filed another Complaint in the United States District Court on August 31, 2010 seeking the same remedies that he is seeking here. *See Lewis v. Sec'y of Navy*, Civ. No. 10-00842, Doc. No. 3 (D.D.C. August 31, 2010) (submitted as Exhibit 1 to the Government's September 15, 2011 Response Brief).